UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODNEY WEBSTER, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.,<br><br>        Defendant. | Case No.: 1-25-cv-11117<br><br>CLASS ACTION<br>NOTICE OF REMOVAL |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Clean Harbors Environmental Services, Inc. ("Clean Harbors") removes this case from the Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts, and in support states as follows:

1. **The action.** Rodney Webster ("Plaintiff") filed his Class Action Complaint and Jury Demand (Complaint) against Clean Harbors in the Superior Court of the Commonwealth of Massachusetts on February 27, 2025, under Civil Action No. 2583CV00185. The Complaint alleges that Clean Harbors violated the federal Truth-in-Leasing regulations ("TIL") (49 C.F.R. § 376.2(a), (g)) by failing to provide drivers with required information in the Owner-Operator Contract Plaintiff and other drivers entered and by overcharging drivers for duel without disclosure in those agreements. *Compl.* ¶ 81. The Complaint additionally alleges Clean Harbors violated Massachusetts law by: (1) misclassifying Plaintiff and other drivers as independent contractors; (2) taking unlawful fuel deductions their compensation; and (3) failing to provide earned sick time. *Id.* Plaintiff seeks to represent a class consisting of "all individuals who have

worked for Clean Harbors as OTR [over-the-road] drivers while subject to an 'owner-operator contract' at any time" from February 27, 2021 through the present. *Id.* ¶ 8.

2.   Copies of all pleadings and papers filed in the Superior Court of the Commonwealth of Massachusetts of which Clean Harbors is aware are attached as **Exhibit A.**

3.   **Statutory grounds for removal.** This action is removable under 28 U.S.C. § 1441(a). Section 1441(a) provides for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. As explained in greater detail below, this Court has original jurisdiction over this case under: (1) 28 U.S.C. § 1332(a), because the amount in controversy on Plaintiff's claims is greater than $75,000, exclusive of interests and costs, and Plaintiff and Clean Harbors are citizens of different states; (2) 28 U.S.C. § 1332(d)(2)(A), because this is a class action in which the proposed class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and Plaintiff and Clean Harbors are citizens of different states; and (3) 28 U.S.C. § 1331, because Plaintiff brings a claim under federal law.

    a. **Original Jurisdiction Exists under 28 U.S.C. § 1332(a)**

28 U.S.C. § 1332(a)(1) provides that the Court has original jurisdiction of all civil actions where (1) the amount in controversy exceeds $75,000 and (2) is between citizens of different States. As set forth below, both requirements are met here.

    i. **Complete Diversity is Satisfied.**

Plaintiff's Complaint alleges that Plaintiff is a citizen of California. *Compl.* ¶ 5. Clean Harbors is a corporation that is incorporated in Massachusetts and has its principal place of business in Massachusetts. *Id.* ¶¶ 9, 20; *see also* **Exhibit B**, Declaration of Sandy Savage (Savage Decl.) ¶ 2. Accordingly, Clean Harbors is a citizen of Massachusetts for purposes of

removal. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 ("'[P]rincipal place of business' is . . . the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination."). Because the Parties are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

### ii. The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.

Although Clean Harbors denies all of Plaintiff's material allegations contained in the Complaint, the amount placed in controversy by the claims Plaintiff asserted on his own behalf in the Complaint exceeds $75,000, exclusive of interest and costs. Plaintiff's Complaint alleges that Clean Harbors misclassified him as an independent contractor and unlawfully took deductions for fuel from Plaintiff's wages in the amount of $34,090.60. *Compl.* ¶ 64. Among the relief he seeks to recover are "all lost wages" to which he contends he is entitled, along with statutory trebling of damages pursuant to Mass. Gen. Laws ch. 149, § 150, and attorneys' fees and costs. *Id.*, Prayer for Relief. Courts have found that statutory damages that are required for a prevailing plaintiff, such as treble damages under the Massachusetts Wage Act, "must be taken into account in calculating the amount in controversy." *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013); *Vilaythong v. Sterling Software, Inc.*, 353 F. Supp. 3d 87, 93 (D. Mass. 2018) (finding amount in controversy met on wage act claims when civil cover sheet requested $27,500, and the court took into account the treble damages plaintiff could recover under the wage act). Accounting for treble damages, the amount placed in controversy by Plaintiff's claim alleging Clean Harbors took unlawful deductions for fuel is $102,271.80

($34,090.60 x 3). That amount alone is greater than the jurisdictional threshold under 28 U.S.C. 1332(a) and does not account for the amount placed in controversy by Plaintiff's remaining claims. The jurisdictional threshold is met, and original jurisdiction based on the existence of complete diversity exists under 28 U.S.C. § 1332(a).

### b. Jurisdiction also Exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d)(2)(A).

CAFA confers district courts with original jurisdiction over any putative class action where (1) "any member of a class of plaintiffs is a citizen of a State different from any defendant"; (2) the proposed class includes at least 100 members; and (3) the amount placed in controversy by the putative class claims exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). The requirements for jurisdiction to exist under CAFA are satisfied here.

#### i. The Minimal Diversity Requirement is Satisfied.

Plaintiff alleges he is a citizen of California. *Compl.* ¶ 5. Clean Harbors is a Massachusetts corporation with its principal place of business in Massachusetts. *Id.*, ¶¶ 9, 20; *see also* Savage Decl. ¶ 2. For purposes of the Class Action Fairness Act (CAFA), Clean Harbors is therefore a citizen of Massachusetts. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92-93. Because Plaintiff is a citizen of a different state than Clean Harbors, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2) is met.

#### ii. This is a Class Action, and the Number of Putative Class Members Exceeds 100.

CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case is a class action under CAFA because Plaintiff seeks certification under Massachusetts Rule

of Civil Procedure 23, which authorizes representative actions. *Compl.* ¶ 4; 28 U.S.C. § 1332(d)(1)(B). Plaintiff seeks to represent a class of "all individuals who have worked for Clean Harbors as OTR drivers while subject to an 'owner-operator contract'" from February 27, 2022 through the present.[1] *Compl.* ¶¶ 8, 69.

Clean Harbors keeps records regarding the individuals and business entities who contract with Clean Harbors to provide transportation services. Savage Decl. ¶ 4. Clean Harbors' records indicate that at least 366 individuals performed work as drivers[2] pursuant to owner-operator contracts that they or their business entities entered into with Clean Harbors during the putative class period (February 27, 2022 through the present). *Id.*, ¶ 5. The aggregate number of the proposed class therefore exceeds the requirement of 28 U.S.C. § 1332(d)(5)(B).

### iii. The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.

Although Clean Harbors denies all of Plaintiff's material allegations, Plaintiff's Complaint places more than $5,000,000—the jurisdictional threshold under 28 U.S.C. § 1332(d)—in controversy. Plaintiff alleges that "Clean Harbors has taken unlawful deductions from drivers' wages earned . . . Specifically, Clean Harbors took deductions from Plaintiff's earnings for fuel." *Compl.* ¶¶ 63, 64; *see also id.*, ¶ 81 (Count III). As a remedy, Plaintiff seeks "[a] judgment against Clean Harbors for all lost wages and other benefits to which Plaintiff and the proposed class are entitled under Massachusetts law" and "[s]tatutory trebling of damages, pursuant to Massachusetts law." *Id.*, Prayer for Relief (c) and (d). The Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 150, provides that "[a]n employee claiming to be aggrieved by a

---

[1] The statute of limitations applicable to Plaintiff's Massachusetts Wage Act claim is three years. Mass. Gen. Laws ch. 149, § 150

[2] Plaintiff's Complaint defines the putative class as consisting of "over-the-road" or "OTR" drivers performing work subject to an owner-owner contract. *Compl.* ¶ 8. For purposes of this Notice, Clean Harbors has interpreted Plaintiff's use of OTR to refer to drivers federally authorized to haul goods in interstate commerce pursuant to the Federal Motor Carrier Safety Regulations.

violation of section[] . . . 148 . . . may . . . institute and prosecute . . . a civil action for injunctive relief, for any damages incurred, and for any lost wages or other benefits." And "[a]n employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees." Mass. Gen. Laws ch. 149 § 150. The statute of limitations on claims for unlawful deductions under the Massachusetts Wage Act is 3 years. *Id.*

Clean Harbors records indicate that 366 individuals performed work as federally qualified drivers pursuant to an owner-operator contract they or their business entity entered with Clean Harbors within the three years preceding the date Plaintiff filed this action (i.e., since February 27, 2022). Savage Decl. ¶ 5. Clean Harbors keeps records of compensation paid to these individuals or their business entities, including any deductions taken from their compensation. Savage Decl. ¶ 4. Clean Harbors' records indicate the total amount of deductions for fuel purchases taken from compensation paid to those individuals or their business entities during the same time period is $15,193,849.69. Savage Decl. ¶ 6. After accounting for Plaintiff's request for treble damages, the total amount placed in controversy by Plaintiff's claim alleging Clean Harbors took unlawful deductions for fuel from his and putative class members' compensation from February 27, 2022 to the present is approximately $45,581,549.10. ($15,193,849.69 x 3). Therefore, the total amount in controversy is greater than the threshold required for removal under 28 U.S.C. § 1332(a) and (d)(2), even without consideration of (1) the amount placed in controversy by Plaintiff 's remaining putative class claims, or (2) attorneys' fees Plaintiff would seek to recover if successful. The jurisdictional threshold under CAFA is therefore met.

    **c.   Original Jurisdiction Additionally Exists under 28 U.S.C. § 1331.**

### i. The Court has Original Jurisdiction over Plaintiff's Federal Truth-in-Leasing Regulations Claim.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts, in turn, have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Count I of Plaintiff's Complaint alleges violations of the Federal Truth-in-Leasing Regulations, 49 C.F.R. § 376, *et seq*, which have been promulgated by the U.S. Department of Transportation (DOT). He brings that claim pursuant to 49 U.S.C. § 14704(a), which provides the circumstances under which an individual may bring a civil action to recover damages arising from violation of regulations issued by the DOT. Plaintiff's Truth-In-Leasing Regulations claim accordingly "aris[es] under the …laws … of the United States," and the Court has original jurisdiction over that claim.

### ii. The Court may exercise Supplemental Jurisdiction over Plaintiff's Massachusetts State Law Claims.

As discussed above, original jurisdiction exists over Plaintiff's Massachusetts Wage Act claims under CAFA (28 U.S.C. § 1332(d)) and based on the existence of complete diversity for Plaintiff's individual claims, pursuant to 28 U.S.C. § 1332(a). The Court also has supplemental jurisdiction over Plaintiff's state law claims because they arise from the same case or controversy as Plaintiff's claims brought under Federal law.

Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "State and federal claims are part of the same 'case or controversy' for the purposes of section 1367(a) if they derive from a common nucleus of operative fact or are such that they would ordinarily be expected to be tried in one judicial proceeding." *Allstate Interiors and Exteriors, Inc. v. Stonestreet Const., LLC*, 730 F.3d 67, 72 (1st Cir. 2013) (cleaned up). Indeed, "[c]ourts exercise supplemental jurisdiction when the 'facts are interwoven' and the state and federal claims require similar evidence." *Abiomed, Inc. v. Enmodes GmbH*, No. 23-cv-10087-DJC, 2024 WL 3927968, at *6 (D. Mass. Aug. 23, 2024). Further, "[i]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Pacheco v. St. Luke's Emergency Assocs., P.C.*, 879 F. Supp. 2d 136, 143 (D. Mass. 2012).

Here, the facts giving rise to Plaintiff's state law claims are interwoven with Plaintiff's federal law claim and will rely, at least in part, on similar evidence. First, both the federal and state law claims put at issue whether Clean Harbors properly took deductions from Plaintiff's compensation. *Compare Compl.* ¶¶ 41-43 (addressing federal law claims alleging deductions taken for fuel "result[ed] in withheld compensation to which drivers were entitled"), *with id.*, ¶¶ 63-64 (addressing state law claims alleging "Clean Harbors took deductions from Plaintiff's earnings for fuel" in violation of Massachusetts law proscribing "deductions from drivers' wages earned"); *see also Compl.* Prayer for Relief (c), (e) (seeking judgment against Clean Harbors under *state law and federal law* for unpaid wages) (emphasis added). Additionally, resolution of both the federal and state law claims will rely, at least in part, on interpretation of the "owner-operator contracts," which form the basis for membership in the class for whom Plaintiff seeks to bring both claims. Plaintiff's Truth-in-Leasing Regulations claim alleges Clean Harbors failed to

make proper disclosures about drivers' compensation and deductions taken from that compensation in the owner-operator contracts. *Id.* ¶¶ 27-43. And Plaintiff's allegations giving rise to the state law claims similarly claim that evidence "per Plaintiff's contract" supports his allegation that he was misclassified by Clean Harbors and had unlawful deductions taken from his pay. *Id.* ¶ 51. Indeed, Massachusetts law will require consideration of the terms of the contract in determining whether Plaintiff and putative class members were misclassified or not. *See* Mass. Gen. Laws ch. 149, § 148B(a)(1) (requiring that to be properly classified as an independent contractor, individuals must be free from the alleged employer's control and direction "both under [her] contract for the performance of service and in fact."; *see also Machado v. System4 LLC*, 28 N.E.3d 401, 411 (Mass. 2015) (noting "courts commonly look to contractual language as a starting point for assessing how a worker ought to be classified."). Given the terms under which Plaintiff and other drivers performed services for Clean Harbors will be at issue in resolving Plaintiff's federal and state law claims, the Court can exercise supplemental jurisdiction over the state law claims. *See Jean-Pierre v. J&L Cable TV Servs., Inc.*, 538 F. Supp. 3d 208, 210-11 (D. Mass. 2021) (finding supplemental jurisdiction proper when state and federal law claims were based on the same alleged practices).

4. **Timeliness of Removal.** Under 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days of receiving a copy of the complaint only if the case stated by the initial pleading is removable; if not, the notice of removal must be filed within 30 days after a defendant receives "a copy of an amended pleadings, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). Plaintiff's Complaint was served on Clean Harbors on March 26, 2025. Savage

Decl. ¶ 7; *see also* Exhibit A, p. 43. Defendant is filing this Notice of Removal within 30 days of service of the Complaint, so removal is timely.

5.  **Notice of Removal to Adverse Parties and to State Court Clerk.** Pursuant to 28 U.S.C. § 1446(d), Clean Harbors will give written notice of removal of this action to Plaintiff and to the Clerk of the Superior Court of the Commonwealth of Massachusetts. Specifically, promptly after filing this Notice of Removal, Clean Harbors will send to Plaintiff and will file with the Clerk of the Superior Court of the Commonwealth of Massachusetts, a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached as **Exhibit C**.

6.  **No waiver.** Clean Harbors submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding either the Complaint's allegations or that Plaintiff pled claims upon which relief can be granted.

Respectfully submitted,

*/s/ Daniel R. Sonneborn*
Daniel R. Sonneborn, BBO #679229
dsonneborn@preti.com
Harper A. Weissburg, BBO #711735
hweissburg@preti.com
PRETI FLAHERTY BELIVEAU AND PACHIOS, LLP
60 State Street, Suite 1100, Boston, MA 02109
Phone: 617-226-3800

Charles Andrewscavage (*Pro Hac Vice* Forthcoming)
candrewscavage@scopelitis.com
Jared Kramer (*Pro Hac Vice* Forthcoming)
jkramer@scopelitis.com
Madison Martin (*Pro Hac Vice* Forthcoming)
mmartin@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON
& FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
Phone:(312) 255-7200

        Adam Steel (*Pro Hac Vice* Forthcoming)
        asteel@scopelitis.com
        SCOPELITIS, GARVIN, LIGHT, HANSON
        & FEARY, P.C.
        10 West Market Street, Suite 1400
        Indianapolis, IN 46204
        (317) 637-1777

        *Attorneys for Defendant Clean Harbors Environmental Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been served upon all counsel of record as indicated below on this 25th day of April, 2025.

Stephen Churchill
steve@fairworklaw.com
Rachel Smit
rachel@fairworklaw.com
FAIR WORK P.C.
192 South Street, Suite 450
Boston, MA 02111
*Attorneys for Plaintiff*

        */s/ Daniel R. Sonneborn*
        Daniel R. Sonneborn (BBO #679229)